**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEAN R. BARRETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-00985-BCW |
| | ) | |
| | ) | |
| SELENE FINANCE, LP | ) | |
| Defendant. | ) | |

**ORDER**
**CERTIFYING SETTLEMENT CLASS,**
**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,**
**AND DIRECTING NOTICE TO THE CLASS**

Before the court is Plaintiff's motion for entry of an order certifying the settlement class, granting preliminary approval of settlement and approving the form and method of notice to the settlement class (the "Motion"). (Doc. #46).

This matter arises from Defendant Selene Finance, LP ("Selene") obtaining consumer reports of individuals, including Plaintiff Barrett, after those individuals received a discharge in bankruptcy, eliminating any pre-existing debt or obligation to Selene, in violation of Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA"). The parties have entered into a settlement agreement (Doc. #46-1), and Plaintiff filed the instant motion.

The Court, being duly advised of the premises, and pursuant to parties' agreement grants said motion.

**I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.    The terms of the Settlement Agreement and Release (Doc. #46-1), including Exhibits 1-2 thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order

1

incorporates herein, and makes a part hereof, the Agreement, including Exhibits 1-2 thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.    THE SETTLEMENT CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL

2.    The Settlement Class is defined as follows:

> The 68 persons identified in Exhibit 1 (which was filed under seal) (Doc. #46-1, Ex. 1) hereto whose consumer reports were accessed by Selene after the consumer received a bankruptcy discharge.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) the district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.    The Court preliminarily finds that the Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

2

    a.   Numerosity.

The parties estimate that the Settlement Class includes 68 persons who meet this class definition. The numerosity requirement of Fed. R. Civ. P. 23(a) is satisfied. Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

    b.   Commonality.

Common questions of law and fact with regard to the alleged conduct of Selene exist for each of the members of the Settlement Class. Plaintiff claims that Selene violated 15 U.S.C. § 1681b(b)(3)(B) of the FCRA by obtaining consumer reports after the consumer received a bankruptcy discharge.  These allegations present the common questions of whether Selene's purported actions violated the FCRA as alleged. These issues are central to this case and are sufficient to establish commonality.

    c.   Typicality.

Plaintiff alleged that Selene obtained his consumer report after a bankruptcy discharge. As a result, Plaintiff alleges he is entitled to statutory and punitive damages, attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

    d.   Adequate Representation.

Plaintiff's interests do not conflict with those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel A.J. Stecklein, Michael H. Rapp, Keith J. Keogh, and Amy L. Wells, and finds under Fed. R. Civ. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

e. Predominance of Common Issues.

Plaintiff has raised common issues of whether Selene violated the FCRA by obtaining consumer reports after the consumer received a bankruptcy discharge. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f. Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

4. The Court determines that Plaintiff Barrett is adequate to represent the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Barrett's counsel, A.J. Stecklein, Michael H. Rapp, Keith J. Keogh, and Amy L. Wells, are adequate to represent the Settlement Class and appoints them Class Counsel.

III. NOTICE TO CLASS MEMBERS

6. The Court has considered the Class Notice, attached as Exhibit 2 to the Agreement (Doc. #46-1, Ex. 2), including the proposed form of the Class Notice, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the constitutional requirements of notice. The Court approves the notice program in all respects and orders that notice be given in substantial conformity therewith. The notice program shall be completed no later than 30 days after entry of this Order, by **October 1, 2018** (the "Notice Deadline"). The costs of

4

preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid solely from the Settlement Fund in accordance with the Agreement.

7.      The Court appoints American Legal Claim Services, LLC, as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any other mailings to Settlement Class Members required under the terms of this Agreement; (c) answering any inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee as appropriate; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement Class; (e) receiving and processing exclusions and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementation and administration of the terms of this Agreement.

## IV.    REQUEST FOR EXCLUSION FROM THE CLASS

8.      A member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or **November 30, 2018** (the "Opt-Out Deadline"), and shall clearly state his or her name and physical address and that he or she desires to opt-out of the settlement or otherwise do not wish to participate in the settlement.

9.      Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for Selene.

10.      Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all of the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement. In no event shall Settlement Class Members who purport to opt-out of the settlement as a group, aggregate, collective, or class involving more than one Settlement Class Member be considered a successful opt-out.

## V.      FAIRNESS HEARING

11.      A hearing on final settlement approval (the "Fairness Hearing") will be held on **March 8, 2019, at 9 a.m.** before this Court, at the United States District Court for the Western District of Missouri, 400 East 9th Street, Courtroom 7D, Kansas City, MO 64106, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

12.      Within 30 days of the date of this Preliminary Approval Order, Class Counsel shall file with the Court any Fee Petition.  The Fee Petition shall note any agreement by Selene.  Any objection or response by Selene must be filed within 21 days of any such motion unless extended by the Court.

13.      At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Agreement and Class

Settlement. At least 3 business days before the scheduled hearing, Class Counsel shall email to the Courtroom Deputy a copy, in Word format of any joint proposed order for final approval of the Agreement and Class Settlement.

14. Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon Class Counsel and Counsel for Selene listed below within 60 days after Notice Deadline. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition within 60 days after Notice Deadline, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below within 60 days after Notice Deadline. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

15. Counsel for the Parties who must be served with all documentation described above are as follows:

> Counsel for the Settlement Class
> A.J. Stecklein
> Michael H. Rapp
> Stecklein & Rapp Chartered
> 748 Ann Avenue
> Kansas City, Kansas 66101

Keith J. Keogh
Amy L. Wells
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603


<u>Counsel for Selene Finance LP</u>
Brian P. Baggott MO Bar # 58494
4520 Main Street, Suite 1100
Kansas City, Missouri 64111


16.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Notice Deadline.

17.     The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the notice program.

**VI.     OTHER PROVISIONS**

18.     Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

19.     In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the rights of Plaintiff and Selene before they entered into the Agreement. Neither this Order nor the

8

Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability or wrongdoing by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

20.    The following table summarizes the deadlines stated above for issuing notice and submitting claims and objections:

| **October 1, 2018**<br>[30 days after the date of the Preliminary Approval Order] | Deadline for:<br>(1) notice of the Settlement to be sent to the Settlement Class Members; and<br>(2) Class Counsel to file any Fee Petition with the Court |
|---|---|
| **November 30, 2018**<br>[60 days after the Notice Deadline] | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |
| **December 31, 2018**<br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal); and<br>(2) Proof of Class Notice. |
| **February 22, 2019**<br>[14 days before the Final Approval Hearing] | Motion and memorandum in support of final approval, including responses to any objections. |
| **March 8, 2019 at 9 a.m.** | Final Approval Hearing |

DATED: <u>August 30, 2018</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT