## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| DEAN R. BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    4:17-CV-00985-BCW |
| | ) | |
| SELENE FINANCE, LP, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF FINAL APPROVAL AND JUDGMENT

Before the Court are Plaintiff's Motion for an Incentive Award and Award of Attorney Fees and Costs (Doc. #56) and Motion for Final Approval of Class Action Settlement (Doc. #58). The Court, being duly advised of the premises, and with Defendant having no objection, grants said motions.

This Court having considered: (a) the Settlement Agreement and Release, dated July 25, 2018, including all Exhibits thereto (the "Agreement"), between Plaintiff, Dean Barrett ("Class Representative"), on behalf of himself and the Settlement Class (as defined therein) and Selene Finance LP ("Selene"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representatives (Doc. #56); and having held a hearing on March 22, 2019, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed of the premises, and for good cause shown, it is hereby

ORDERED, ADJUDGED and DECREED:

**1.** This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms

1

as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2.      The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and Selene for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3.      The Settlement Class previously certified by the Court includes:

The 68 persons identified in *Exhibit 1* to the settlement agreement (which was filed under seal) hereto whose consumer reports were accessed by Selene after the consumer received a bankruptcy discharge.

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order certifying the settlement class and granting preliminary approval of the settlement (Doc. #49, "Preliminary Approval Order").

4.      The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on March 22, 2019; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

2

**5.** This Order of Final Approval and Judgment shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

**6.** The Court finds that extensive arm's-length negotiations with a well-respected mediator have taken place in good faith between Class Counsel and Counsel for Selene resulting in the Agreement.

**7.** The Court finds that the designated Class Representative is an appropriate representative.

**8.** The Court has considered the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

**9.** Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

**10.** The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against Defendant on behalf of the Settlement Class in above-captioned action are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

**11.** Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Selene Releasees (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement).

**12.** Nothing in this Order of Final Approval and Judgment, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Selene or any Selene Releasee.

**13.** Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(d)(2) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

      **(a)**    this Settlement confers substantial benefits on the Settlement Class Members;

      **(b)**    the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement Class Members who did not submit valid requests for exclusion will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair Credit Reporting Act ("FCRA");

      **(c)**    Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

      **(d)**    this Settlement was obtained as a direct result of Class Counsel's advocacy;

      **(e)**    this Settlement was reached following extensive negotiations between Class Counsel and Counsel for Selene and was negotiated in good-faith and in the absence of collusion;

      **(f)**    during the prosecution of the claims in the Litigation, Class Counsel incurred expenses in the aggregate amount of $1,095.66, which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

      **(g)**    Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees separate from the Class Settlement, plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

4

**(h)** No member of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

**(i)** the requested fee award is consistent with other fee awards in this Circuit; In re U.S. Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir. 2002)

**14.** Accordingly, Class Counsel are hereby awarded $ 65,000.00 inclusive of costs to be paid in addition to the Settlement Fund as their fee and costs award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

**15.** The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $ 7,000.00 for his efforts in this case, which shall be paid in addition to the Settlement Fund.

**16.** Without affecting the finality of this Order of Final Approval and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order of Final Approval and Judgment, to protect and effectuate this Order of Final Approval and Judgment, and for any other necessary purpose. The Class Representative, Settlement Class Members, and Selene are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order of Final Approval and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may

5

effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

**17.** No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Selene Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

**18.** Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Final Judgment the Court directs the Clerk to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE: <u>March 22, 2019</u>          <u>/s/ Brian C. Wimes</u>
                                     JUDGE BRIAN C. WIMES
                                     UNITED STATES DISTRICT COURT